# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HERNANDEZ on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>         Plaintiffs,<br><br>v.<br><br>DUNBAR ARMORED, INC.; and DOES 1–100,<br><br>         Defendants. | Case No.: 18-CV-1046 JLS (LL)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO REMAND AND, (2) REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF No. 6) |

  Presently before the Court is Plaintiff Paul Hernandez's Motion to Remand ("Mot.," ECF No. 6). Also before the Court are Defendant Dunbar Armored, Inc.'s Opposition to ("Opp'n," ECF No. 9) and Plaintiff's Reply in Support of ("Reply," ECF No. 11) the Motion. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.

## BACKGROUND

  Plaintiff filed this representative action pursuant to the Private Attorney General Act of 2004 ("PAGA"), California Labor Code §§ 2698 *et seq.*, in the Superior Court of the

1

State of California, County of San Diego, on April 20, 2018, alleging nine cause of action arising from (1) failure to pay straight, regular rate wages for all work performed; (2) failure to pay all overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay wages due at termination; (6) failure to provide paid sick days; (7) knowing and intentional failure to comply with itemized employee wage statements; (8) failure to pay employees twice per month; and (9) failure to reimburse expenses in discharging duties. *See generally* ECF No. 1-2 ("Compl."). Plaintiff served Defendant on April 26, 2018. *See* Declaration of Guillermo A. Escobedo in Support of Notice of Removal ("Escobedo Decl."), ECF No. 1-3, ¶ 3.

On May 25, 2018, Defendant removed to this Court on the basis that this "is a civil action: (1) between 'citizens of different States'; and (2) wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs." ECF No. 1 ¶ 7 (citing 28 U.S.C. §§ 1332(a), 1441). Plaintiff filed the instant Motion on August 6, 2018. *See generally* ECF No. 6.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as

to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## ANALYSIS

Plaintiff contends that Defendant's removal was improper because the amount in controversy does not exceed $75,000.[1] *See* Mot. at 1. Plaintiff seeks PAGA penalties for various violations of the California Labor Code. *See generally* Compl. PAGA requires that any penalties assessed against a defendant "be distributed as follows: 75 percent to the Labor and Workforce Development Agency [("LWDA")] . . . and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699(i).

Although the parties agree that the amount in controversy is based only on Plaintiff's individual claims for PAGA penalties, *see* ECF No. 1 ¶ 21, they disagree as to whether the amount in controversy may include the State's 75% share. Relying on *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), Plaintiff asserts that Defendant cannot establish jurisdiction based on the State's 75% share of Plaintiff's PAGA penalties.[2] *See* Mot. at 8–10. Defendant counters that "Plaintiff misconstrues the scope of the Ninth Circuit's *Urbino* decision" because "[t]he sole issue before the Ninth Circuit in *Urbino* was whether PAGA penalties for the entire PAGA class could be aggregated to meet the jurisdictional amount for removal" and "California district courts maintain discretion to consider the State of California's portion of PAGA penalties to satisfy the jurisdictional

---

[1] The parties do not contest that there is complete diversity of citizenship: Defendant is a citizen of Maryland, *see* Declaration of Jeffrey Lewin in Support of Removal (ECF No. 1-3) ¶ 4, while Plaintiff is a citizen of California. *See* Compl. ¶ 5.

[2] Relying on *Standard Fire Insurance Company v. Knowles*, 568 U.S. 588, 595 (2013), Plaintiff also contends that his affidavit—in which he "agrees, stipulates, warrants and/or commits, on his own behalf, that he will not seek and/or recover in his PAGA action in an amount more than $74,999, this includes – but is not limited to – for all PAGA damages, penalties, amounts recovered, costs, and/or attorney fees," Compl. at 30 (CM/ECF pagination)—validly sets the amount in controversy below the federal jurisdictional threshold. Defendant urges that "the Supreme Court's *Knowles* decision in no way authorized PAGA plaintiffs to set the amount in controversy below the jurisdictional amount in order to evade federal jurisdiction." Opp'n at 8. Although inclined to agree with Defendant, the Court need not reach this issue.

requirement."[3]  Opp'n at 12 (citing *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032 (N.D. Cal. 2014)).

"District courts are split over *Urbino*'s meaning with respect to th[is] . . . question." *Sloan v. IHG Mgmt. (Md.) LLC*, No. CV 19-21-DMG (JCX), 2019 WL 1111191, at *2 (C.D. Cal. Mar. 11, 2019). "One school of thought is that courts should consider only the plaintiff's stake in the 25% share distributed to aggrieved employees." *Id.* (citing *Van Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018)). "The other is that courts should take into account 100% of the penalties stemming from the plaintiff's claims, even though 75% goes to LWDA." *Id.* (citing *Patel*, 58 F. Supp. 3d 1032).

In line with a majority of districts, "[a]fter reviewing the case law, the Court concludes that the reasoning in [the former line of cases] is more persuasive." *See id.* (citing *Rael v. Intercontinental Hotels Grp. Res., Inc.*, No. 2:18-cv-05922-ODW(SSx), 2019 WL 990432, at *2 (C.D. Cal. Mar. 1, 2019); *Moberly v. FedEx Corp.*, No. 2:18-cv-00393-KJM-AC, 2019 WL 927295, at *3 (E.D. Cal. Feb. 26, 2019); *Olson v. Michaels Stores, Inc.*, No. CV 17-03403-AB (GJSx), 2017 WL 3317811 at *4 n.2 (C.D. Cal. Aug. 2, 2017); *Adame v. Comtrak Logistics, Inc.*, No. EDCV 15-02232 DDP (KKx), 2016 WL 1389754 at *5 (C.D. Cal. Apr. 7, 2016); *Lopez v. Ace Cash Exp., Inc.*, No. LA CV11-07116 JAK (JCx), 2015 WL 1383535, at *4–5 (C.D. Cal. Mar. 24, 2015); *Willis v. Xerox Bus. Servs., LLC*, No. 1:13-cv-01353-LJO-JLT, 2013 WL 6053831 (E.D. Cal. Nov. 15, 2013)). "The Court sees no logical reason for [c]ourts to refuse to consider one portion of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share)." *See id.* "Including LWDA's share in the calculation would come into tension with *Urbino*'s

---

[3] Defendant also urges the Court to deny Plaintiff's Motion as untimely.  *See* Opp'n at 8.  Although Plaintiff's Motion is admittedly untimely under 28 U.S.C. § 1446(b), *see* Reply at 2–3, "federal courts are under an independent obligation to examine their own jurisdiction."  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

language that California is not a 'citizen' for diversity purposes." *See id.* "It would also greatly increase the number of cases that defendants could remove to federal court," which "runs counter to the congressional intent to restrict federal jurisdiction . . . , the general presumption against removal jurisdiction . . . , and *Urbino*'s description of PAGA actions as 'quintessential California dispute[s].'" *Id.* (quoting *Urbino*, 726 F.3d at 1123) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Gaus*, 980 F.2d at 566). "The Court shall therefore only take into account Plaintiff's portion of the 25% that aggrieved employees may recover." *See id.*

Even assuming a 100% violation rate,[4] the parties agree that Defendant's maximum PAGA exposure as to Plaintiff is $82,500. *Compare* ECF No. 1 ¶¶ 21–22, *with* Mot. at 10, *and* Reply at 8. One-quarter of $82,500 is $20,625,[5] $54,375 short of the $75,000 jurisdictional requirement.[6] Defendant nonetheless claims, without any support, that Plaintiff's attorneys' fees themselves "will far exceed the $75,000 jurisdictional requirement," *see* Opp'n at 18, rendering the amount-in-controversy requirement easily met once the fees are added to the award. *See id.* at 17–18. Plaintiff counters that "only [Plaintiff]'s pro rata share [of the attorneys' fees] should be considered." Reply at 9.

Again, the Court must agree with Plaintiff. Even if Defendant had proffered a value for the attorneys' fees at issue,[7] "[a]s is the case with the value of Plaintiff's claims . . . ,

---

[4] The assumption of a 100% violation rate itself is suspect where, as here, it "is 'not grounded in real evidence.'" *Richard Snow v. Watkins & Shepard Trucking, Inc.*, No. EDCV182206DMGSPX, 2019 WL 1254571, at *3 (C.D. Cal. Mar. 18, 2019) (quoting *Ibarra v. Mannheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)).

[5] "[C]ourts generally calculate the amount in controversy in PAGA actions by averaging the total potential exposure across the total number of plaintiffs," *Sloan*, 2019 WL 1111191, at *3 (citing *Urbino*, 726 F.3d at 1121), but neither party has estimated the total PAGA penalties in controversy here. Accordingly, the Court must use the maximum possible exposure for Plaintiff.

[6] Although Defendant argues that Plaintiff is entitled to an additional $41,750 in penalties under California Labor Code § 558, *see* Opp'n at 13–17, Plaintiff seeks penalties under Section 558 in the alternative to penalties under Section 2699(f)(2). *See* Compl. ¶¶ 56, 66, 85, 97, 109, 127, 137, 147, 155.

[7] Because the burden is on Defendant to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

'only the portion of attorney's fees attributable to [the plaintiff's] claims count towards the amount in controversy.'" *Sloan*, 2019 WL 1111191, at *3 (quoting *Patel*, 58 F. Supp. 3d at 1049). Even assuming, as some district courts have, a benchmark fee award of 25%, *see, e.g.*, *id.*; *Olson*, 2017 WL 3317811, at *5, this serves only to double the amount in controversy from $20,625 to $41,250. "Accordingly, the Court lacks subject matter jurisdiction over the case because Plaintiff has put less than $75,000 in controversy." *See Sloan*, 2019 WL 1111191, at *3.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 6) and **REMANDS** this action to the Superior Court of the State of California, County of San Diego (ECF No. 1). Because this Order concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: March 25, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

404 (9th Cir. 1996), Defendant's failure to introduce any evidence concerning the amount of the attorneys' fees at issue here means that it has failed to satisfy its burden in establishing removal jurisdiction.